# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2026

Lyle W. Cayce
Clerk

———————————

No. 25-60302

———————————

Jose Mauricio Lopez-Barrera,

*Petitioner*,

*versus*

Todd Wallace Blanche, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A240 362 604

———————————————————————

Before Elrod, *Chief Judge*, and Clement and Oldham, *Circuit Judges*.
Per Curiam:

Petitioner Jose Mauricio Lopez-Barrera petitions for review of a decision by the Board of Immigration Appeals, which denied his request for deferral of removal under the regulations implementing the Convention Against Torture. We agree with the Board and deny the petition.

I

Lopez-Barrera is an illegal alien from El Salvador. In January 2023, he applied for asylum and sought protection under the regulations implementing the Convention Against Torture ("CAT"). After learning that Lopez-

Barrera's application may have been incomplete, an Immigration Judge ("IJ") allowed him to file an amended application. Lopez-Barrera then testified before an IJ in October 2023, and the IJ denied his application. Lopez-Barrera appealed to the Board of Immigration Appeals, which remanded to the IJ for additional factfinding and legal analysis.

In February 2024, another IJ again denied Lopez-Barrera's request for CAT relief. The IJ's opinion included detailed summaries of Lopez-Barrera's sworn statements at the border, asylum applications, and testimony. From these statements, the IJ found Lopez-Barrera to be not credible. On appeal, the Board again remanded to give Lopez-Barrera an opportunity to explain the inconsistencies in his testimony. The Board also ordered the IJ to determine whether to allow him to submit new evidence.

On remand again, in October 2024, the IJ denied Lopez-Barrera's motion to submit new evidence for lack of "good cause." The IJ issued a decision in November 2024 denying Lopez-Barrera's request for a deferral of removal under the CAT. After considering Lopez-Barrera's testimony, the IJ again found that he did not offer credible testimony. After Lopez-Barrera appealed to the Board for the third time, the Board affirmed.

Lopez-Barrera filed a timely motion for review.

## II

Lopez-Barrera brings both (A) procedural and (B) substantive objections to the agency's decision-making. We address them in turn.

## A

Starting with the procedural, Lopez-Barrera challenges the Board's denial of his motions to remand, amend his asylum application for the second time, and submit late-filed evidence. As to the denial of the motion to remand, the Board did not abuse its discretion. *See Milat v. Holder*, 755 F.3d

354, 365 (5th Cir. 2014). The Board correctly observed that Lopez-Barrera's allegedly new evidence about the Salvadoran government's crackdown on gangs likely would not change the outcome in his case. Indeed, the agency previously discussed this issue at length. The Board's decision thus was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (quotation omitted).

The Board likewise did not abuse its discretion with respect to Lopez-Barrera's motion to amend his asylum application. The IJ noted that Lopez-Barrera had "sworn to the contents of the application, agreed that the information was correct, and . . . [his] second amended application was continued under the same oath and [was] only slightly different than the original application." Lopez-Barrera thus has not established the Board abused its discretion in prohibiting him from filing a second, amended application.

As to Lopez-Barrera's motion to submit late-filed evidence, the IJ did not abuse its discretion. Before explaining why, we will briefly clarify why we have jurisdiction to review this determination, given that some recent unpublished opinions suggest that we lack jurisdiction to review motions for continuance. Indeed, several of our past cases have assumed jurisdiction, notwithstanding 8 U.S.C. § 1252(a)(2)'s jurisdiction-stripping provisions, without offering any accompanying analysis. *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 786 n.1 (5th Cir. 2024) (ELROD, C.J., concurring) (listing cases).

Section 1252(a)(2) strips federal courts of jurisdiction to review actions arising in removal proceedings in three circumstances. First, it bars judicial review of judgments granting relief under five enumerated provisions. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (providing that no court has jurisdiction to review judgments granting relief under 8 U.S.C. §§ 1182(h),

No. 25-60302

1182(i), 1229b, 1229c, and 1255). Second, it precludes review of "any other decision or action of the Attorney General or Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." *Id.* § 1252(a)(2)(B)(ii). Third, it bars judicial review of final orders of removal against criminal aliens who have committed particular criminal offenses. *See id.* § 1252(a)(2)(C).

*Ikome v. Bondi* serves as one example in which one of these jurisdiction-stripping provisions applied. 128 F.4th 684 (5th Cir. 2025). *Ikome* involved a claim under 8 U.S.C. § 1229b. *Id.* at 687. Section 1252(a)(2)(B)(i), by its plain terms, deprives us of jurisdiction to review judgments granting relief under § 1229b. Accordingly, we dismissed the petition for review for lack of jurisdiction under this provision. *Id.* at 689–90. This case, unlike *Ikome*, does not involve a claim under § 1229b or any of the provisions specified in § 1252(a)(2)(B)(i).

Section 1252(a)(2)(B)(ii) also does not apply here. The Supreme Court in *Kucana v. Holder* clarified that the key words "specified under this subchapter" refer to statutory, but not regulatory, grants of discretionary authority. 558 U.S. 233, 237 (2010). Nothing in the CAT statute specifies that decisions on continuances are committed to the Attorney General's discretion. *See* Act of Oct. 21, 1998, Pub. L. No. 105-277, § 2242, 112 Stat. 2681, 2681-822–23. Finally, § 1252(a)(2)(C) is inapplicable given that no criminal offense covered by the statutes enumerated in the provision are at issue here.

Beyond § 1252(a)(2), Congress has committed various immigration-related determinations solely to the Executive branch. *See, e.g.*, *Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) (explaining that § 1155's "revocation

provision is a quintessential grant of discretion to the Secretary"); *Patel v. Garland*, 596 U.S. 328, 347 (2022) (holding that federal courts "lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255"). So, the jurisdictional analysis included above is not intended to be exhaustive but rather explain why § 1252(a)(2) does not deprive us of jurisdiction to review the continuation determination in this case involving a claim under § 1158(a), § 1231(b)(3), and 8 C.F.R. §§ 1208.16(c), 1208.17(a).

Assured of our jurisdiction, we reject Lopez-Barrera's argument on the merits. As the Board pointed out, an IJ has "broad discretion . . . to admit and consider relevant and probative evidence." *See* 8 C.F.R. § 1003.31(h). Here, the IJ detailed the "ample opportunity" that Lopez-Barrera had to submit documentary evidence. Thus, the IJ did not abuse its discretion in denying Lopez-Barrera's motion to accept late-filed evidence.

B

As to the substantive challenge, Lopez-Barrera argues that substantial evidence does not support the denial of his request for deferral of removal under the CAT. His argument fails for at least two reasons.

First, substantial evidence supports the Board's determination that Lopez-Barrera was not credible. *See Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002) (recognizing that a lack of credibility counsels against relief under the CAT). The Board thoroughly analyzed the IJ's determination, finding that Lopez-Barrera's testimony regarding his fear of returning to El Salvador was "inconsistent[] with his border interview, credible fear interview, and asylum application." The Board emphasized the multitude of inconsistencies, including differing accounts of the number of gang members who approached him in El Salvador, omission of a claimed incident of persecution during his credible fear interview, and disparate accounts of his earlier term of imprisonment in El Salvador. And the Board recounted that

when the IJ confronted Lopez-Barrera about these inconsistencies, he denied having said that he did not fear returning to El Salvador, despite the fact that such a statement is clearly present in the record.

Lopez-Barrera offers various explanations—including language barriers, other people writing his asylum application, lack of opportunity to explain himself, and accidental omissions. But neither the Board nor the IJ were "required to accept a petitioner's explanation for the plain inconsistencies in [his] story." *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017) (citation modified). And this was "not a situation where Petitioner failed to remember non-material, trivial details that are only incidentally related to [his] claim of persecution." *Id.* (citation modified). The inconsistencies involved the very incidents that Lopez-Barrera claimed gave rise to his likelihood of torture upon return to El Salvador. Thus, substantial evidence supported the Board's adverse-credibility determination.

Second, substantial evidence supports the Board's conclusion that Lopez-Barrera failed to submit particularized evidence to support that he is more likely than not to be tortured with the consent or acquiescence of a public official in El Salvador. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). Lopez-Barrera objects that the Board ignored his statement on his I-213 form that he "was affiliated with the MS-13 street gang," and that therefore the Salvadoran government would persecute him upon return. But the IJ explained why Lopez-Barrera's evidence did not rise to a sufficient likelihood of torture under the CAT, including that Lopez-Barrera had been in El Salvador when the government was targeting gangs and he had not credibly established that he was tortured at the time. And to the extent Lopez-Barrera cites "[g]eneralized country evidence" about conditions in El

Salvador, that "tells us little about the likelihood state actors will torture" him specifically. *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).[*]

The petition for review is DENIED.

---

[*] Lopez-Barrera also objects that the IJ could not "update" its CAT findings because the Board only remanded for him to explain inconsistencies in his testimony. But the Board remanded for the IJ to "evaluat[e]" Lopez-Barrera's explanations from the "record as a whole." The IJ did just that.